## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPH WEST** | **CIVIL ACTION** |
| **VERSUS** | **NO: 20-00544** |
| **ALISSE GUERRA, ET AL.** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Plaintiff Joseph West's Motion to Remand (Doc. 7). For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

This action concerns an automobile collision that occurred in Orleans Parish, Louisiana. On December 12, 2018, Defendant Alisse Guerra allegedly disregarded a stop sign, struck Plaintiff Joseph West's vehicle, and caused injuries to Plaintiff's head, back, and legs. Plaintiff originally filed a Petition for Damages in the Civil District Court for the Parish of Orleans on October 9, 2019, naming Alisse Guerra and her insurer, USAA Casualty Insurance Company ("USAA"), as defendants.[1] On February 14, 2020, this action was removed to this Court by Defendants on the basis of diversity jurisdiction. Two months later, on April 14, 2020, Plaintiff filed the instant Motion to Remand.

---

[1] Doc. 1 at 2.

## LEGAL STANDARD

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[2] The burden is on the removing party to show "[t]hat federal jurisdiction exists and that removal was proper."[3] When determining whether federal jurisdiction exists, courts consider "[t]he claims in the state court petition as they existed at the time of removal."[4] "In making a jurisdictional assessment, a federal court is not limited to the pleadings; it may look to any record evidence, and may receive affidavits, deposition testimony or live testimony concerning the facts underlying the citizenship of the parties."[5] Removal statutes should be strictly construed, and any doubt should be resolved in favor of remand.[6]

## LAW AND ANALYSIS

Defendants seek to invoke this Court's subject matter jurisdiction on the basis of diversity. Federal diversity jurisdiction exists when no plaintiff has the same citizenship as any defendant—complete diversity—and the "amount in controversy" exceeds $75,000.[7] Here, the parties agree that the amount in controversy requirement is met. While Defendants aver that complete diversity is met, Plaintiff contends that his domicile is irrelevant because the forum defendant rule presents a bar to removal.

Commonly referred to as the "forum defendant rule," § 1441(b)(2) provides that an action removable solely on the basis of diversity jurisdiction—like the instant action—"may not be removed if any of the parties in interest

---

[2] 28 U.S.C. § 1441(a).
[3] Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).
[4] Id.
[5] Coury v. Prot, 85 F.3d 244, 249 (5th Cir. 1996).
[6] Id.
[7] 28 U.S.C. § 1332(a).

properly joined and served as defendants is a citizen of the State in which such action is brought."[8] West asserts that the forum defendant rule precludes removal because Defendant Guerra is domiciled in Louisiana, the state in which the action was brought. In opposition, Defendants argue that the forum defendant rule is procedural, not jurisdictional, and may be waived. Defendants further contend that any removal defect on the basis of the forum defendant rule was waived by Plaintiff West's failure to timely file an objection.

Under 28 U.S.C. § 1447(c), "[a] motion to remand the case on the basis of *any defect other than lack of subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal. . . ." Although West argues that the forum defendant rule deprives this Court of subject matter jurisdiction, the Fifth Circuit has recognized that the rule is procedural, not jurisdictional.[9] The Fifth Circuit has further held that objections to the forum defendant rule may accordingly be waived.[10] This conclusion has been reached by nine of the ten federal appellate courts that have addressed the issue.[11] Notably, in *In re 1994 Exxon Chemical Fire*, the Fifth Circuit endorsed the Third Circuit's rationale that "an irregularity in removal . . . is considered 'jurisdictional' *only* if the case could not have initially been filed in federal court."[12]

---

[8] 28 U.S.C. § 1441(b)(2).

[9] In re 1994 Exxon Chemical Fire, 558 F.3d 378, 392 (5th Cir. 2009).

[10] *Id.*

[11] *See, e.g.,* Hurley v. Motor Coach Indus., Inc., 222 F.3d 337, 380 (7th Cir. 2000) ("[T]he case as it arrived in federal court met every requirement for federal jurisdiction: simply took the wrong path, in a sense, because there was an in-state defendant. This, we think, is more a *matter of removal procedure, and hence waivable,* than a matter of subject matter jurisdiction."); Farm Constr. Servs., Inc. v. Fudge, 831 F.2d 18, 21–22 (1st Cir. 1987); Handelsman v. Bedford Vill. Assocs. Ltd. P'ship, 213 F.3d 48, 50 n.2 (2d Cir. 2000); Blackburn v. United Parcel Serv., Inc., 179 F.3d 81, 90 n.3 (3d Cir. 1999); Pacheo de Perez v. AT&T Co., 139 F.3d 1368, 1372 n.4 (11th Cir. 1998); Am. Oil Co. v. McMullin, 932 F.2d 1091, 1095 (10th Cir. 1970); Lively v. Wild Oats Mkts., Inc., 456 F.3d 933, 939 (9th Cir. 2006); *but see* Hurt v. Dow Chem. Co., 963 F.2d 1142, 1146 n.1 (8th Cir. 1992).

[12] In re Exxon Chemical Fire, 558 F.3d at 392 (quoting Korea Exch. Bank v. Trackwise Sales Corp., 66 F.3d 46, 50 (3d Cir. 1995)).

3

In *Lewis v. Touro Infirmary Inc.*, the plaintiffs filed a motion to remand based on the forum defendant rule nearly ten months after the notice of removal was filed.[13] The district court denied the motion, finding that plaintiffs had waived their procedural objection to removal by failing to raise it within the thirty days required by statute.[14] Similarly, in *Midsouth Bank v. Quality Companies U.S.A.*, the district court recognized that "[a] procedural challenge to removal must be asserted not more than thirty days after removal, and an untimely motion 'is outside of the district courts' power to grant.'"[15]

While there may have been a procedural defect in Defendant's removal, Plaintiff West waived his procedural objection to removal by raising it two months after the Notice of Removal. Accordingly, the Court will examine Plaintiff's true citizenship to determine whether diversity jurisdiction exists.

"The party invoking diversity jurisdiction bears the burden of proving that complete diversity exists."[16] The Fifth Circuit has announced repeatedly that "when jurisdiction depends on citizenship, citizenship must be 'distinctly and affirmatively alleged.'"[17] A natural person is a citizen of the state in which he is domiciled.[18] A person's domicile is the place of "his true, fixed and permanent home."[19] Establishing a party's domicile "requires the demonstration of two factors: residence and the intention to remain."[20] In determining intent, "[n]o single factor is determinative," and "the court should

[13] Civil Action No. 11-163, 2012 WL 14302, at *1 (E.D. La. Jan. 4, 2012).
[14] *Id.*
[15] Civil Action No. 6:19-CV-00091, 2019 WL 2413432, at *2 (W.D. La. 2019) (quoting Schexnayder v. Entergy La., Inc., 394 F.3d 280, 284 (5th Cir. 2004)).
[16] Smith v. Bank of Am. Corp., 605 F. App'x. 311, 314 (5th Cir. 2015) (citing Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1259 (5th Cir. 1988)).
[17] *Id.*
[18] Roberts v. Boxer, No. 17–7881, 2018 WL 2440625, at *1–2 (E.D. La. May 31, 2018) (quoting *Coury*, 85 F.3d at 248).
[19] *Id.* (quoting Stine v. Moore, 213 F.2d 446, 448 (5th Cir. 1954)).
[20] Costopoulos v. Uber Tech., Inc., No. 18–3590, 2018 WL 4739693, at *4 (E.D. La. Oct. 2, 2018) (citing Preston v. Tenet Healthsystem Mem'l. Med. Ctr., Inc., 485 F.3d 793, 797–98 (5th Cir. 2007)).

4

look to all evidence shedding light on the litigant's intention to establish domicile," including factors such as "the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has a driver's or other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family."[21] Because Defendants are invoking diversity jurisdiction, they bear the burden of proving that complete diversity exists.

In his original Petition for Damages, Plaintiff stated that he is domiciled in Orleans Parish, Louisiana. Yet, in their Notice of Removal, Defendants alleged complete diversity, explaining that West's true domicile is in St. Clair County, Alabama; Defendant Guerra's domicile is New Orleans, Louisiana; and Defendant USAA is a foreign corporation with its principal place of business in Texas. Defendants point to the police report pertaining to the incident at hand, as well as information obtained from the Alabama Law Enforcement Agency, in support of the contention that Plaintiff is an Alabama citizen for purposes of diversity jurisdiction.[22] Defendants' allegations rest upon West's driver's license containing an Alabama address, his Alabama vehicle registration, and his Alabama P.O. Box. The Court holds that Defendants have not provided sufficient evidence to establish that West is domiciled in Alabama.

In *Roberts v. Boxer*, a court in this district found that the defendant's domicile was changed where she lived in Louisiana for ten years; was registered to vote in Louisiana; and despite having initially moved to Louisiana for an undergraduate degree, remained in Louisiana for three years following graduation. Moreover, she attended graduate school in Louisiana and worked

---

[21] *Coury*, 85 F.3d at 251.
[22] Doc. 1-4 at 4, 7.

5

four jobs in Louisiana.[23] Similarly, in *Galladora v. Waffle House, Inc.*, a court in this district found that defendants presented sufficient evidence of the plaintiff's change in domicile where it was shown that the plaintiff retained a mailing address in Mississippi, worked in Mississippi, had a cell phone number with a Mississippi area code, and plaintiff testified that he intended to remain in Mississippi.[24]

Here, Defendants only provide evidence of West's vehicle registration, driver's license, and post office box in Alabama. While this evidence may indicate that Plaintiff once held a residence in Alabama, it does not suggest that Plaintiff currently resides in Alabama and possesses the requisite intent to remain. Although Plaintiff presents no argument to the contrary, Defendants' allegations are simply insufficient. Defendants have not met their burden of proof, and complete diversity has not been established.

Moreover, the citizenship of Defendant USAA has not been adequately pleaded. 28 U.S.C. § 1332(c)(1) provides that a corporation is deemed to be a citizen of (1) any state by which it has been incorporated and (2) the state in which it has its principal place of business. Defendants assert that USAA is a "foreign corporation" with its principal place of business in Texas.[25] It is not sufficient to merely state that USAA is a "foreign corporation." Accordingly, complete diversity has not been established, and this Court does not have subject matter jurisdiction over this matter. The Motion to Remand, therefore, is granted.

---

[23] 2018 WL 2440625 at *1–2.
[24] No. 16–1618, 2016 WL 3136229, at *1–2 (E.D. La. June 6, 2016).
[25] Doc. 1 at 3.

6

## CONCLUSION

For the foregoing reasons, the Motion to Remand (Doc. 7) is **GRANTED**.


New Orleans, Louisiana this 15th day of July, 2020.


_____

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

7